UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DENNIS IRBY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:12CV501 CDP |
| | ) |
| TROY STEELE, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

This state habeas case is before the Court on petitioner Dennis Irby's motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The time for response has passed, and so the motion is ripe for ruling. Because the court finds that it did not commit any manifest errors of law, and because Irby points to no new evidence that would require an amended judgment, the court will deny the motion.

## I. Procedural History

Irby was charged by indictment in St. Louis County with one count of first-degree murder and one count of armed criminal action. The jury found him guilty of both charges. Irby was sentenced to life imprisonment without the possibility of parole for the first-degree murder conviction, and he was sentenced to life imprisonment for the armed criminal action conviction. The Missouri Court of

Appeals affirmed. Irby's motion for post-conviction relief was denied after an evidentiary hearing, and the Missouri Court of Appeals affirmed the denial of post-conviction relief.

On March 16, 2012, Irby filed his petition for writ of habeas corpus under 28 U.S.C. § 2254 with the Court, asserting nine grounds for relief. This court denied the petition on November 12, 2013, concluding that some of the grounds were procedurally defaulted and that the remaining claims were without merit. Subsequently, Irby filed this motion to alter or amend the judgment.

## II. Legal Standard

Federal Rule of Civil Procedure 59(e) was adopted to clarify a district court's power to correct its own mistakes in the time immediately following entry of judgment. *Norman v. Ark. Dep't of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996) (citing *White v. N.H. Dep't of Employ't Sec.*, 455 U.S. 445 (1982)). Rule 59(e) motions serve a limited function of correcting "manifest errors of law or fact or to present newly discovered evidence." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal quotation and citations omitted). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments that could have been offered or raised prior to entry of judgment. *Id.*

## III. Discussion

Irby argues that the court erroneously denied his claims that trial counsel was ineffective for failing to investigate witnesses and secure evidence establishing his alibi defense. Irby also contests the denial of his claims that trial counsel erred for failing to seek a change of venue or new venire panel.

### A. *Alibi Defense*

Irby argues that the state court unreasonably determined the facts relative to his claim that trial counsel was ineffective for failure to develop evidence necessary to assert an alibi defense. Specifically, Irby contends that when ruling on his post-conviction-relief appeal, the court erroneously determined that Irby had not informed his trial counsel "who was the cashier working at JR Cigars." This finding, Irby argues, represents a manifest error of fact contrary to evidence adduced during the evidentiary hearing, where "trial counsel conceded that he did not investigate petitioner's alibi defense even though he was aware that this evidence existed."

"[A] state court decision involves an unreasonable determination of the facts in light of the evidence presented in state court proceedings only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." *Lomholt v. Iowa*, 327 F.3d 748, 752 (8th Cir. 2003) (internal quotations and citations omitted).

Contrary to Irby's arguments, the Missouri Court of Appeals did not make an unreasonable factual determination. Irby did testify at the post-conviction-relief motion hearing that he had informed his trial counsel of the identity – "Tina W." – of the cashier who might provide an alibi, and that he and Tina W. knew each other. However, his trial counsel testified that Irby had been unable to identify anyone at JR Cigar who could corroborate Irby's alibi. There is sufficient record evidence to support the state court's finding that Irby had not informed his counsel of the identity of the cashier; as such, it was a reasonable determination of facts. *See Boyd v. Minnesota*, 274 F.3d 497, 501 n.4 (8th Cir. 2001).

In finding the Missouri court had reasonably applied *Strickland v. Washington*, 466 U.S. 668 (1984), this court emphasized that neither the deficiency prong nor the prejudice prong of *Strickland* had been satisfied. *See id.* at 687–88. Thus, even if Irby could attribute error to the finding that his counsel's performance was not constitutionally deficient, Irby's claim on this ground would still fail for lack of prejudice.

B. *Venue and Venire Panel*

Irby argues that the state court ignored the "highly inflammatory publicity" that accompanied his case, and so the court made an unreasonable determination of the facts when it considered his claims that his counsel was ineffective for failing to seek a change of venue or strike the venire panel.

This court already rejected Irby's arguments that the high level of pretrial publicity surrounding his case rendered his counsel ineffective for failing to seek a new venue or venire panel. In making that decision, this court again stressed that neither prong of *Strickland* was satisfied. Counsel made a rational decision not to attempt moving the case out of the largest county in Missouri; the same rationality applies to counsel's decision not to seek a new venire panel. Either case could have resulted in a jury less favorable to Irby. This court also noted that Irby failed to establish prejudice from his counsel's decision – either presumptive prejudice or actual prejudice. The court finds no error in its previous analysis and conclusion. The state court's application of *Strickland* was reasonable, and trial counsel's conduct did not fall below that standard of reasonableness.

Petitioner has not established any manifest errors in the court's previous denial of his petition for writ of habeas corpus.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) [# 20] is DENIED.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 21st day of July, 2014.